**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

Courtroom Deputy:  Cathy Pearson
Court Reporter:  Tammy Hoffschildt
Probation Officer:  Tom Meyer
                    Nicole Peterson

Date:  July 6, 2015
Interpreter: n/a

**CASE NO.   14-cr-00336-RM**

| Parties | Counsel |
| --- | --- |
| UNITED STATES OF AMERICA, | Susan Knox |
|        Plaintiff, | |
| v. | |
| 7.  EUGENE MEDINA, | David Koppa |
|        Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:**     1:10 p.m.
Appearances of counsel.   Defendant is present and in custody.

Discussion held regarding pending motions and objections and Defendant's failure to appear at the previously set sentencing hearing on June 2, 2015.

**ORDERED:**  Motion for Forfeiture of Bail is GRANTED.

The Court will issue a separate written order regarding bond forfeiture.

Defendant addresses the Court regarding his failure to appear for sentencing set on June 2, 2015.

Discussion held regarding sentencing guidelines and adjustments.

Defendant entered his plea on November 24, 2015, to Count 1 of the Information. The Court formally accepts the Plea Agreement at this hearing.

Argument given regarding Government's §5K1.1 Motion for Downward Departure Based on Substantial Assistance (Doc. 273).

Discussion held regarding objections report filed by Defendant regarding the presentence investigation.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of Defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding Defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that Defendant, EUGENE MEDINA, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **9 months**.

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **one (1) year**.

**ORDERED: Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm, ammunition, or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from Defendant as directed by the probation officer.

**ORDERED: Standard and Special Conditions** of Supervised Release that:
- (**X**) Defendant shall not leave the judicial district without the permission of the Court or probation officer.
- (**X**) Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

(**X**)   Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
(**X**)   Defendant shall support his or her dependents.
(**X**)   Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
(**X**)   Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
(**X**)   Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, Defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, Defendant shall not enter any marijuana dispensary or grow facility.
(**X**)   Defendant shall not frequent places where it is reasonably known that controlled substances are illegally sold, used, distributed, or administered.
(**X**)   Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
(**X**)   Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
(**X**)   Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
(**X**)   Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
(**X**)   As directed by the probation officer, Defendant shall notify third parties of risks that may be occasioned by Defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm Defendant's compliance with such notification requirement.
(**X**)   Defendant shall provide access to any requested financial information.
(**X**)   Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.   Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.   Defendant will be required to pay the cost of treatment as directed by the probation officer.
(**X**)   Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
(**X**)   Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
(**X**)   Defendant shall pay the forfeited bond in the amount of $1,000 during the

        term of his supervised release.  Defendant shall pay not less than 10 percent of his monthly income toward the payment of this financial obligation.

(**X**)    Defendant shall make substantial progress toward obtaining a GED during the term of supervised release, which shall include, at a minimum, completion of two of the four modules required for obtaining the GED.

**ORDERED:**  Defendant shall pay **$25** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED:**  Motion to Dismiss Counts One and Eight of the Indictment as to Defendant Eugene Medina, as orally amended on the record by the Court, is GRANTED as stated on the record.  The Indictment as to Defendant Eugene Medina only is dismissed in its entirety.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**    **2:14 p.m.**
Hearing concluded.
Total time:    1:04